**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 1:21-cr-00247-002 (TFH)** |
| **v.** | : | |
| | : | |
| **JONATHAN DANIEL CARLTON,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this sentencing memorandum in connection with the above-captioned matter. For the reasons set forth herein, the government requests that this Court sentence Jonathan Daniel Carlton ("Carlton") to three months of incarceration, 36 months' probation, 60 hours community service, and $500 restitution.

I.   **Introduction**

The defendant, Jonathan Daniel Carlton ("Carlton"), was until recently a corrections officer.[1] He and his friend and co-defendant, Bradley Weeks ("Weeks"),[2] joined other rioters in attacking the United States Capitol on January 6, 2021. Their violent attack interrupted the certification of the 2020 Electoral College vote count, caused Members of Congress and their staff

---

[1] The Florida Department of Corrections Code of Conduct specifies an oath to uphold the Constitution of the United States and to be committed to public safety. *See* Florida Department of Corrections Code of Conduct and Oath of Allegiance, available at www.dc.state.fl.us/code.html

[2] Weeks' trial in Case No. 1:21-cr-00247-001 is set for October 25, 2022.

to flee, attempted to stop the peaceful transfer of power after the 2020 Presidential election, injured more than one hundred police officers, and resulted in more than 2.7 million dollars' in losses.[3]

On March 29, 2022, Carlton pled guilty to one count of violating 40 U.S.C. § 5104(e)(2)(G): Parading, Demonstrating, or Picketing in the Capitol Building.  Carlton's actions on January 6 took place in the context of a large and violent riot in which sheer numbers combined with violence to overwhelm police officers, allowing rioters to breach the Capitol and disrupt the proceedings. The riot would not have happened without people like Carlton choosing to join with so many others to overwhelm officers and breach the building.

As explained herein, a sentence of three months'  incarceration, with a 36 month period of probation  to follow, is appropriate in this case because Carlton: (1) made two separate entries into the Capitol; (2) chose to enter the Capitol Building after watching rioters climb the scaffolding, smelling tear gas, and seeing billows of smoke rise around him and from the Lower West Terrace, where rioters were clashing with law enforcement; (3)  initially lied to law enforcement officials about his activity on January 6, 2021; (4)  admitted he "may have" deleted some texts related to January 6; (5) filmed the chaos around him rather than choosing to leave; (6) has not expressed since remorse for his crimes on January 6, and (7) as a corrections officer, Carlton should have recognized the dangers that he and his fellow rioters' presence at the Capitol posed to public safety, to law enforcement officials, and to Members of Congress and their staff that day.

The Court must also consider that Carlton's conduct on January 6, like the conduct of scores of other defendants, took place in the context of a large and violent riot that relied on

---

[3] As of April 5, 2022, the approximate losses suffered as a result of the siege at the United States Capitol was $2,734,783.15.  That amount reflects, among other things, damage to the United States Capitol building and grounds and certain costs borne by the United States Capitol Police.

numbers to overwhelm law enforcement, breach the Capitol, and disrupt the proceedings. But for his actions alongside so many others, the riot likely would have failed to delay the certification vote. *See United States v. Matthew Mazzocco*, 1:21-cr-00054 (TSC), Tr. 10/4/2021 at 25 ("A mob isn't a mob without the numbers. The people who were committing those violent acts did so because they had the safety of numbers.") (statement of Judge Chutkan). Here, Carlton's participation in a riot that actually succeeded in halting the Congressional certification combined with Carlton's lack of remorse renders a jail sentence both necessary and appropriate in this case.

## II.     Factual and Procedural Background

### *The January 6, 2021 Attack on the Capitol*

To avoid unnecessary exposition, the government refers to the general summary of the attack on the U.S. Capitol. *See* ECF 37 (Statement of Offense), at 1-7. As this Court knows, a riot cannot occur without rioters, and each rioter's actions – from the most mundane to the most violent – contributed, directly and indirectly, to the violence and destruction of that day. With that backdrop we turn to Carlton's conduct and behavior on January 6.

### *Jonathan "Danny" Carlton's Role in the January 6, 2021 Attack on the Capitol*

On January 5, 2021, Carlton and Weeks traveled to Washington, D.C. from their homes in Florida to attend the "Stop the Steal" rally.  On January 6, 2021, they attended the rally at the Ellipse, then marched to the Capitol Building.  As they moved from the Washington Monument toward Constitution Avenue, Weeks filmed a video of the crowd and stated, "We are marching to the Capitol building, Ladies and Gentleman, to show these Congressmen who runs America."  See Exhibit 1 – 0106211314.mp4.  Weeks, wearing black glasses on the left in the image below, filmed another video as they walked on Pennsylvania Avenue to the Capitol just before 3rd Street, N.W.,

Washington, D.C.  Carlton walked alongside him in the crowd with the Capitol fully visible to their front.  The images below are excerpts from this video.



See Exhibit 2 – 0106211349.mp4

They arrived at the Capitol grounds just before 2:00 p.m. with a large group of rioters in the northwest lawn of the Capitol. The image below shows the general area where Carlton was standing at 2:03 p.m. as seen from the Capitol.



Lawn north of the Northwest Stairs around 2:00 p.m.

There, they observed a crowd that had been violently attacking officers of both the U.S. Capitol Police and the Metropolitan Police Department, purloining bike rack fencing to use as ladders to scale the Capitol walls, and destroying the tarps surrounding the scaffolding over the northwest stairs. Carlton appears to be filming in the location where the MPD officers had just moved away from their attackers.

5



Exhibit 3 – https://www.youtube.com/watch?v=tNl8-SKNrPA at 8m, 8s into the video

Around this time, police officers deployed tear gas cannisters into the crowd to try to disperse their attackers.  Referring to one of those cannisters, some of the rioters responded by shouting, "Pick it up and throw it!" and "Throw it back at the Capitol!" which one of them did.  Instead of moving away from the area, Carlton and Weeks settled in as the members of the crowd shouted, "Fight for Trump!  Fight for Trump!  Fight for Trump!"  Carlton again lifted his phone into the air and appeared to film the riot.



Exhibit 4 – Video from Defendant Blake Reed – 20210106_140204.mp4 –
at 2m 12 s into the video – time around 2:07 p.m.

Carlton and Weeks aided rioters effected by the chemical irritants by providing water bottles. In the image below, Carlton is handing a water bottle to a man who appears to have been affected by a chemical irritant.



Exhibit 5 – https://www.youtube.com/watch?v=f80ScBHnNRk at 10:25 into the video

At 2:09 p.m., the rioters on the northwest stairs and its balustrade finally broke through the line of U.S. Capitol Police that had been holding them at bay.



Carlton and Weeks then joined a line to climb a bike rack onto the balustrade of the northwest stairs, which allowed rioters to gain access to the Upper Northwest Terrace of the Capitol.



Exhibit 6 – banned-video -- TheResistance.video long.mp4 – at 6:47 –
https://cantcensortruth.com/watch?id=5ff6857e00bac0328da8e888



Exhibit 7 – ML_DC_20210106_Sony_FS7-GC_1959.MXF.mp4

Carlton separated from Weeks at this point and climbed the northwest stairs underneath the battered scaffolding.  When he reached the northwest terrace of the Capitol, he met Weeks at the top of the stairs.  He stood nearby as Weeks filmed a speech about taking back the Capitol and this being their "1776" where tyranny will fall. At 2:28 p.m., Weeks and Carlton walked together towards the Senate Wing Door, which, together with its adjacent windows, had been busted open by the mob around 2:13 p.m.  The Capitol Police had regained control of the door and closed it at 2:27 p.m.

Carlton joined a line of people who were waiting to go inside.  Carlton was visible standing in line on the wheelchair access ramp as the crowd chanted, "Let us in!  Let us in! Let us in!," "Fight for Trump! Fight for Trump! Fight for Trump!," and "Our House! Our House! Our House!" outside the visibly closed Senate Wing Door.

10



Exhibit 8 –2:39 p.m. – What Parler Saw During the Attack – Pro Publica
https://d2hxwnssq7ss7g.cloudfront.net/uI0w47p4R5CC_cvt.mp4





Exhibit 9 – Trump Supporters Storm US Capitol (clip1) – Videographer Louie Palu/Zuma Press – https://vimeo.com/500245716

Carlton did not move away from the chaos of the mob, but rather continued forward toward the Capitol building.

The door near the Parliamentarian's Office across the courtyard from the Senate Wing Door was pried open, and rioters pushed inside in droves. The mob also attacked the United States Capitol Police who were attempting to hold the Senate Wing Door and windows causing further damage to the door. Eventually, around 2:48 p.m., the rioters push past the officers into the Capitol. The image below shows Carlton's entry into the Capitol at around this time.



Carlton fell over a desk during the rioter's push into the building, injuring his knee. He hobbled over to where the officers were lined against the wall, and an officer briefly spoke to him. Carlton later stated the officer asked him if he was okay. Other rioters approached the officers while visibly angry. An open-source video provides audio of chanting of "Our House!," "USA!," "Freedom!," and "Traitors!".



Exhibit 10 – https://www.youtube.com/watch?v=f80ScBHnNRk at 25m, 51s

The crowd that Carlton had joined as he entered the Capitol thinned and Carlton could have easily exited from the Senate Wing Door.  See below CCTV screenshot from 3:00 p.m.



But Carlton chose not to leave the Capitol and instead began texting Weeks in an attempt to reunite.

Around 3:02 – 3:04 p.m., Carlton texted Weeks that he was in the Capitol by the window that "we breached." Only after that did he leave the Capitol building at 3:04 p.m.



Carlton then reentered the Capitol building through the same door without Weeks at 3:06 p.m.



Weeks then entered the Capitol building at 3:08 p.m., and at 3:09 p.m. he and Carlton reconnected close to the Senate Wing Door.



Instead of leaving the Capitol through the nearby door they had just entered, Carlton and Weeks moved further into the building.  They walked through the Crypt all the way to the Hall of Columns on the south side of the Capitol.  The images below show Carlton circled in red as he made his way through the Capitol.



Exhibit 11 – 3:09 p.m. – What Parler Saw During the Attack – Pro Publica
https://d2hxwnssq7ss7g.cloudfront.net/C6CA3XcXO87g_cvt.mp4



After reaching the Hall of Columns and seeing the police officers there, Carlton and Weeks turned back and retraced their steps through the Capitol, walking again through the Crypt before exiting through the Senate Wing Door at around 3:29 p.m. Together, they spent roughly 20 minutes inside the Capitol after Carlton's second entry into the building.



Carlton and Weeks then lingered on the Upper West Terrace outside the Capitol until at least 3:52 p.m., where they posed for the photo below.



In total, Carlton spent approximately 35 minutes inside the building.

*Carlton's January 20, 2021 Interview*

On January 20, 2021, Carlton was interviewed by FBI agents about his conduct on January 6, 2021.  During that interview, he acknowledged traveling to Washington, D.C. with Weeks, attending the Stop the Steal Rally, and marching to the Capitol.  Critically, Carlton denied going inside the Capitol on January 6.   Carlton contacted Weeks after this interview and stated to Weeks that he was pushed inside and that a person told him they would come after his family if they turned baack.  Carlton also warned Weeks that the FBI would likely be contacting him.

19

*Carlton's January 22, 2021 Interview*

On January 22, 2021, Carlton was again interviewed by FBI agents. This time, Carlton admitted that he did enter the Capitol on January 6, but claimed that he was caught up in a mob and pushed in by a group of people wearing camouflage gear who forced him inside and told him he could not go back. Carlton admitted that his face burned as if from pepper spray and that he hurt his leg upon entry to the Capitol.

Carlton did not acknowledge that he had in fact entered the Capitol on two separate occasions, and on the second occasion has no claim of being forced inside as part of a crowd. Carlton also claimed that after meeting Weeks inside the Capitol they left the building and went back the hotel. Carlton did not mention that they walked through the first floor of the Capitol or that they lingered on the terrace after leaving the building. Carlton also stated that he may have deleted some text messages about January 6 but was not sure and could not remember.

*The Charges and Plea Agreement*

On February 24, 2021, Carlton was charged by complaint with violating 18 U.S.C. §§ 1752(a)(1) and 40 U.S.C. §§ 5104(e)(2). On March 11, 2021, he was arrested on that complaint. On March 24, 2021, Carlton and Weeks were named in a five-count Indictment that charged Carlton with violating 18 U.S.C. §§ 1752(a)(1) and (2) and 40 U.S.C. §§ 5104(e)(2)(D) and (G). On March 29, 2021, he pleaded guilty to Count Five of the Indictment, charging him with a violation of 40 U.S.C. § 5104(e)(2)(G), Parading, Demonstrating, or Picketing in the Capitol Building. By plea agreement, Carlton agreed to pay $500 in restitution to the Department of the Treasury.

### III.     Statutory Penalties

Carlton now faces a sentencing on a single count of violating 40 U.S.C. § 5104(e)(2)(G). As noted by the plea agreement and the U.S. Probation Office, Carlton faces up to six months of imprisonment and a fine of up to $5,000. Carlton must also pay restitution under the terms of his plea agreement. *See* 18 U.S.C. § 3663(a)(3); *United States v. Anderson*, 545 F.3d 1072, 1078-79 (D.C. Cir. 2008). As this offense is a Class B Misdemeanor, the Sentencing Guidelines do not apply to it. 18 U.S.C. § 3559; U.S.S.G. §1B1.9.

### IV.     Sentencing Factors Under 18 U.S.C. § 3553(a)

In this misdemeanor case, sentencing is guided by 18 U.S.C. § 3553(a), which identifies the factors a court must consider in formulating the sentence. Some of those factors include: the nature and circumstances of the offense, § 3553(a)(1); the history and characteristics of the defendant, *id.*; the need for the sentence to reflect the seriousness of the offense and promote respect for the law, § 3553(a)(2)(A); the need for the sentence to afford adequate deterrence, § § 3553(a)(2)(B); and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. § 3553(a)(6). In this case, as described below, the Section 3553(a) factors weigh in favor of incarceration.

#### A.  The Nature and Circumstances of the Offense

The attack on the U.S. Capitol, on January 6, 2021 is a criminal offense unparalleled in American history. It represented a grave threat to our democratic norms; indeed, it was the one of the only times in our history when the building was literally occupied by hostile participants. By its very nature, the attack defies comparison to other events.

While each defendant should be sentenced based on their individual conduct, as we now discuss, this Court should note that each person who entered the Capitol on January 6 without

authorization did so under the most extreme of circumstances. As they entered the Capitol, they would—at a minimum—have crossed through numerous barriers and barricades and heard the throes of a mob. Depending on the timing and location of their approach, they also may have observed extensive fighting with law enforcement officials and smelled chemical irritants in the air. No rioter was a mere tourist that day.

Additionally, while looking at Carlton's individual conduct, we must assess such conduct on a spectrum. This Court, in determining a fair and just sentence on this spectrum, should look to a number of critical factors, to include: (1) whether, when, how the defendant entered the Capitol building; (2) whether the defendant encouraged violence; (3) whether the defendant encouraged property destruction; (4) the defendant's reaction to acts of violence or destruction; (5) whether during or after the riot, the defendant destroyed evidence; (6) the length of the defendant's time inside of the building, and exactly where the defendant traveled; (7) the defendant's statements in person or on social media; (8) whether the defendant cooperated with, or ignored commands from law enforcement officials; and (9) whether the defendant demonstrated sincere remorse or contrition. While these factors are not exhaustive nor dispositive, they help to place each defendant on a spectrum as to their fair and just punishment.

To be clear, had Carlton personally engaged in violence or destruction, he or she would be facing additional charges and/or penalties associated with that conduct. The absence of violent or destructive acts on his part is therefore not a mitigating factor in misdemeanor cases, nor does it meaningfully distinguish him from most other misdemeanor defendants.

When Carlton approached the Capitol at around 2:00 p.m., he would have been able to see that there was violence on the west front and that law enforcement was under attack. Even if he could not directly see the violence, as corrections officer, he would be very familiar with the

22

dangers of that situation and the measure of force and violence that would be needed to break through barriers and lines of police and breach the Capitol.  But Carlton did not show any concern for his fellow law enforcement officers who were badly outnumbered.

Carlton twice breaching the Capitol also weighs in favor of incarceration.  Regardless of whether his first entrance to the Capitol was caused by the crowd, that first entrance was only made possible by Carlton's many steps toward a breach in the 48 minutes between when he arrived at the Capitol and first entered the building.  He climbed stairs underneath scaffolding, walked over barricades, and waited in line to get into the Capitol.  That he may have been pushed in by a surge in the crowd at the last minute is mitigated by all of his previous actions, which put him in a position to be carried into the Capitol with those rioters.

Moreover, Carlton did not immediately try to leave the Capitol after the Crowd subsided. Instead, he waited, texting his co-defendant that they had "breached" the Capitol and tried to regroup.  He then left the Capitol and chose to re-enter it before spending an additional 20 minutes inside the building.  These are not the actions of somebody seeking to mitigate their first entrance into the Capitol, who regretted that they had entered the Capitol with a larger crowd, and who truly did not want to do so.

Carlton's statements after January 6 show a total lack of remorse. When he was first interviewed by the FBI, he lied and denied that he entered the Capitol.  After that, he called Weeks to warn him about the investigation and that the FBI would likely be contacting him.  Only after those actions interfering with the investigation did he finally admit to the FBI that he had entered the Capitol, but he again minimized his own conduct claiming he was pushed in by people in camouflage.  The second story he told the FBI is squarely at odds with the context of his overall actions on January 6, that he entered the Capitol, not once, but twice, at least once where he can

cannot claim to have been forced in by a mob, and did not take an early opportunity to exit but instead spent a total of almost 35 minutes inside.

Accordingly, the nature and the circumstances of this offense establish the clear need for a sentence of incarceration in this matter.

### B. Carlton's History and Characteristics

As set forth in the PSR, Carlton's criminal history consists of several traffic infractions. PSR ¶¶ 36-7. From April 2017 to May 2022, Carlton worked as a corrections officer in Florida. PSR ¶¶ 81-83. Prior to his work as a corrections officer, he held a series of other jobs and appears to have had a steady employment history. PSR ¶¶ 85-9. Carlton has been compliant with his conditions of pre-trial release.

Carlton's work as a corrections officer, as a member of law enforcement, renders his conduct on January 6 all the more troubling. As a corrections officer, Carlton would be well aware of the danger of a large mob against vastly outnumbered police officers. Moreover, he swore an oath to uphold the Constitution. As a law enforcement officer, Carlton held a special position of trust that he disregarded not only on January 6, but in the coming weeks when he lied to the FBI and hindered their investigation. That also demonstrates a very real need for specific deterrence in the form of incarceration.

That Carlton has suffered collateral consequences from his crimes, such as losing his job and potentially losing his subsidized housing, is not a substitute for a criminal sentence of incarceration in this case. He is certainly not the first defendant to lose his job or deal with other consequences of his crimes. His sentence should not be reduced because of this situation which is not at all unique. Nor should his sentenced be mitigated because he was a corrections officer, BOP

can place him in an appropriately secure facility, but instead his employment as a corrections officer should be viewed as an aggravating factor warranting a more serious sentence.

### C.  The Need for the Sentence Imposed to Reflect the Seriousness of the Offense and Promote Respect for the Law

The attack on the U.S. Capitol building and grounds was an attack on the rule of law. "The violence and destruction of property at the U.S. Capitol on January 6 showed a blatant and appalling disregard for our institutions of government and the orderly administration of the democratic process."[4] As with the nature and circumstances of the offense, this factor supports a sentence of incarceration, as it will in most cases, including misdemeanor cases, arising out of the January 6 riot. *See United States v. Joshua Bustle and Jessica Bustle*, 21-cr-238-TFH, Tr. 08/24/21 at 3 ("As to probation, I don't think anyone should start off in these cases with any presumption of probation. I think the presumption should be that these offenses were an attack on our democracy and that jail time is usually -- should be expected") (statement of Judge Hogan).

Carlton's criminal conduct shows extreme disrespect for the law. When he entered the Capitol grounds, it would have been abundantly clear to him that lawmakers, and the law enforcement officers who tried to protect them, were under siege.   Law enforcement officers were overwhelmed, outnumbered, and in many cases, in serious danger.  Even after feeling the effects of lingering tear gas on his face, Carlton was not deterred from entering the Capitol. The rule of

---

[4] Federal Bureau of Investigation Director Christopher Wray, Statement before the House Oversight and Reform Committee (June 15, 2021), available at https://oversight.house.gov/sites/democrats.oversight.house.gov/files/Wray%20 Testimony.pdf

law was not only disrespected; it was under attack that day. A lesser sentence would suggest to the public, in general, and other rioters, specifically, that an attack on the Capitol is not taken seriously. In this way, a lesser sentence could encourage further abuses. *See Gall*, 552 U.S. at 54 (it is a "legitimate concern that a lenient sentence for a serious offense threatens to promote disrespect for the law").

### D.  The Need for the Sentence to Afford Adequate Deterrence

Deterrence encompasses two goals: general deterrence, or the need to deter crime generally, and specific deterrence, or the need to protect the public from further crimes by this defendant. 18 U.S.C. § 3553(a)(2)(B-C), *United States v. Russell*, 600 F.3d 631, 637 (D.C. Cir. 2010).

*General Deterrence*

The demands of general deterrence weigh in favor of incarceration, as they will for nearly every case arising out of the violent riot at the Capitol. Indeed, general deterrence may be the most compelling reason to impose a sentence of incarceration. For the violence at the Capitol on January 6 was cultivated to interfere, and did interfere, with one of the most important democratic processes we have: the peaceful transfer of power to a newly elected President. As noted by Judge Moss during sentencing, in *United States v. Paul Hodgkins*, 21-cr-188-RDM:

> [D]emocracy requires the cooperation of the governed. When a mob is prepared to attack the Capitol to prevent our elected officials from both parties from performing their constitutional and statutory duty, democracy is in trouble. The damage that [the defendant] and others caused that day goes way beyond the several-hour delay in the certification. It is a damage that will persist in this country for decades.

Tr. At 69-70. Indeed, the attack on the Capitol means "that it will be harder today than it was seven months ago for the United States and our diplomats to convince other nations to pursue democracy. It means that it will be harder for all of us to convince our children and our grandchildren that

26

democracy stands as the immutable foundation of this nation." *Id.* At 70; *see United States v. Thomas Gallagher*, 1:21-CR-00041 Tr. 10/13/2021 at 37 ("As other judges on this court have recognized, democracy requires the cooperation of the citizenry. Protesting in the Capitol, in a manner that delays the certification of the election, throws our entire system of government into disarray, and it undermines the stability of our society. Future would-be rioters must be deterred.") (statement of Judge Nichols at sentencing).

The gravity of these offenses demands deterrence. This was not a protest. *See United States v. Paul Hodgkins*, 21-cr-188-RDM, Tr. At 46 ("I don't think that any plausible argument can be made defending what happened in the Capitol on January 6th as the exercise of First Amendment rights.") (statement of Judge Moss). And it is important to convey to future potential rioters— especially those who intend to improperly influence the democratic process—that their actions will have consequences. There is possibly no greater factor that this Court must consider.

*Specific Deterrence*

Carlton's conduct on January 6 and his interviews with the FBI clearly demonstrate the need for specific deterrence for this defendant. First, Carlton entered the Capitol building twice, even after an injury to his leg and feeling pepper spray on his face. He was sufficiently committed to breaching the Capitol that his actions raise serious doubts about his willingness to follow the law in the future.

Second, Carlton hindered the investigation by lying to law enforcement and warning his co-defendant about the investigation after he was contacted. Carlton's decisions on January 20, 2021 to first lie to the FBI about whether he had entered the Capitol and then to warn Weeks about the investigation deeply concerning. These are not the actions of somebody who feels remorse for their criminal activity, but of somebody who does not respect the law and was attempting to hinder

27

the investigation.  Moreover, his admission that he "may have" deleted some text messages about January 6 further shows his lack of respect for the law and what can only be interpreted as an attempt to influence the investigation.  This conduct warrants a sentence of incarceration.

### E.  The Need to Avoid Unwarranted Sentencing Disparities

As the Court is aware, the government has charged hundreds of individuals for their roles in this one-of-a-kind assault on the Capitol, ranging from unlawful entry misdemeanors, such as in this case, to assault on law enforcement officers, to conspiracy to corruptly interfere with Congress.[5] Each offender must be sentenced based on their individual circumstances, but with the backdrop of the January 6 riot in mind. Moreover, each offender's case will exist on a spectrum that ranges from conduct meriting a probationary sentence to crimes necessitating years of imprisonment. The misdemeanor defendants will generally fall on the lower end of that spectrum, but misdemeanor breaches of the Capitol on January 6, 2021 were not minor crimes. A probationary sentence should not necessarily become the default.[6]  *See United States v. Anna Morgan-Lloyd*, 1:21-cr-00164 (RCL), Tr. 6/23/2021 at 19 ("I don't want to create the impression

---

[5]  Attached to this supplemental sentencing memorandum is a table providing additional information about the sentences imposed on other Capitol breach defendants.  That table also shows that the requested sentence here would not result in unwarranted sentencing disparities.

[6]  Early in this investigation, the Government made a very limited number of plea offers in misdemeanor cases that included an agreement to recommend probation in *United States v. Anna Morgan-Lloyd*, 1:21-cr-00164(RCL); *United States v. Valerie Elaine Ehrke*, 1:21-cr-00097(PFF); *United States v. Donna Sue Bissey*, 1:21-cr-00165(TSC), *United States v. Douglas K. Wangler*, 1:21-cr-00365(DLF), and *United States v. Bruce J. Harrison*, 1:21-cr-00365(DLF). The government is abiding by its agreements in those cases, but has made no such agreement in this case. *Cf. United States v. Rosales-Gonzales*, 801 F.3d 1177, 1183 (9th Cir. 2015) (no unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6) between defendants who plead guilty under a "fast-track" program and those who do not given the "benefits gained by the government when defendants plead guilty early in criminal proceedings") (citation omitted).

that probation is the automatic outcome here because it's not going to be.") (statement of Judge Lamberth); *see also United States v. Valerie Ehrke*, 1:21-cr-00097 (PFF), Tr. 9/17/2021 at 13 ("Judge Lamberth said something to the effect . . . 'I don't want to create the impression that probation is the automatic outcome here, because it's not going to be.' And I agree with that. Judge Hogan said something similar.") (statement of Judge Friedman).

The government and the sentencing courts have drawn meaningful distinctions between offenders. Those who engaged in felonious conduct are generally more dangerous, and thus, treated more severely in terms of their conduct and subsequent punishment. Those who trespassed, but engaged in aggravating factors, merit serious consideration of institutional incarceration. Those who trespassed, but engaged in less serious aggravating factors, deserve a sentence more in line with minor incarceration or home detention.

Carlton has pleaded guilty to Count Five of the Indictment, charging him with Parading, Demonstrating, or Picketing in Capitol grounds, a violation of 40 U.S.C. § 5104(e)(2)(G). This offense is a Class B misdemeanor. 18 U.S.C. § 3559. Certain Class B and C misdemeanors and infractions are "petty offenses," 18 U.S.C. § 19, to which the Sentencing Guidelines do not apply, U.S.S.G. 1B1.9. The sentencing factors set forth in 18 U.S.C. § 3553(a), including "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C.A. § 3553(6), do apply, however.

For one thing, although all the other defendants discussed below participated in the Capitol breach on January 6, 2021, many salient differences—such as how a defendant entered the Capitol, how long she remained inside, the nature of any statements she made (on social media or otherwise), whether she destroyed evidence of his participation in the breach, etc.—help explain the differing recommendations and sentences.   And as that discussion illustrates, avoiding

29

unwarranted disparities requires the courts to consider not only a defendant's "records" and "conduct" but other relevant sentencing criteria, such as a defendant's expression of remorse or cooperation with law enforcement.  *See United States v. Hemphill*, 514 F.3d 1350, 1365 (D.C. Cir. 2008) (no unwarranted disparity regarding lower sentence of codefendant who, unlike defendant, pleaded guilty and cooperated with the government).

Even in Guidelines cases, sentencing courts are permitted to consider sentences imposed on co-defendants in assessing disparity. *E.g., United States v. Knight*, 824 F.3d 1105, 1111 (D.C. Cir. 2016); *United States v. Mejia*, 597 F.3d 1329, 1343-44 (D.C. Cir. 2010); *United States v. Bras*, 483 F.3d 103, 114 (D.C. Cir. 2007). The Capitol breach was *sui generis*: a mass crime with significant distinguishing features, including the historic assault on the seat of legislative branch of federal government, the vast size of the mob, the goal of impeding if not preventing the peaceful transfer of Presidential power, the use of violence by a substantial number of rioters against law enforcement officials, and large number of victims. Thus, even though many of the defendants were not charged as conspirators or as codefendants, the sentences handed down for Capitol breach offenses is an appropriate group for purposes of measuring disparity of any future sentence.

While no previously sentenced case contains the same balance of aggravating and mitigating factors present here, the Court may also consider the 45-day sentence of incarceration imposed on Tam Dinh Pham in Case No. 1:21-cr-00109.  Pham was a Houston police officer at the time he illegally entered the Capitol on January 6, 2021.  Pham similarly downplayed his conduct on January 6 to the FBI by initially lying and finally admitting during same interview that he had in fact entered the Capitol.  Pham also suffered collateral consequences from his crimes on January 6 – he lost his job – and still was sentenced to 45 days' incarceration.  Carlton's conduct is more serious than Pham's and warrants a lengthier sentence because he did not correct his lies

30

to the FBI during the course of the same interview and he breached the Capitol not once, but twice on January 6.

In any event, the goal of minimizing unwarranted sentencing disparities in § 3553(a)(6) is "only one of several factors that must be weighted and balanced," and the degree of weight is "firmly committed to the discretion of the sentencing judge." *United States v. Coppola*, 671 F.3d 220, 254 (2d Cir. 2012). The § 3553(a) factors that this Court assesses are "open-ended," with the result that "different district courts may have distinct sentencing philosophies and may emphasize and weigh the individual § 3553(a) factors differently; and every sentencing decision involves its own set of facts and circumstances regarding the offense and the offender." *United States v. Gardellini*, 545 F.3d 1089, 1093 (D.C. Cir. 2008). "[D]ifferent district courts can and will sentence differently—differently from the Sentencing Guidelines range, differently from the sentence an appellate court might have imposed, and differently from how other district courts might have sentenced that defendant." *Id.* at 1095.

## V.    The Court's Lawful Authority to Impose a Split Sentence

A sentencing court may impose a "split sentence"—"a period of incarceration followed by period of probation," *Foster v. Wainwright*, 820 F. Supp. 2d 36, 37 n.2 (D.D.C. 2011) (citation omitted)—for a defendant convicted of a federal petty offense. *See* 18 U.S.C. § 3561(a)(3); *see United States v. Little*, 21-cr-315 (RCL), 2022 WL 768685, at *1 (D.D.C. Mar. 14, 2022) (concluding that " a split sentence is permissible under law and warranted by the circumstances of this case); *United States v. Smith*, 21-cr-290 (RBW), ECF 43 (D.D.C. Mar. 15, 2022) (imposing split sentence); *United States v. Meteer*, 21-cr-630 (CJN), ECF 37 (D.D.C. April 22, 2022) (imposing split sentence); *United States v. Sarko*, 21-cr-591 (CKK), ECF 37 (D.D.C. April 29, 2022) (imposing split sentence); *United States v. Entrekin*, 21-cr-686 (FYP), ECF 34 (D.D.C. May

6, 2022) (imposing split sentence); *United States v. Hemphill*, 21-cr-555(RCL), ECF 40 (D.D.C.
May 24, 2022) (imposing split sentence); *United States v. Buhler*, 21-cr-510(CKK), ECF 30
(D.D.C. June 1, 2022) (imposing split sentence); *United States v. Caplinger*, 21-cr-342(PLF), ECF
65 (D.D.C. June 7, 2022) (opinion concluding that split sentence is permissible).  In addition, for
any defendant placed on probation, a sentencing court may impose incarceration for a brief interval
as a condition of probation under 18 U.S.C. § 3563(b)(10).

### A.  A sentence imposed for a petty offense may include both incarceration and probation.

#### 1.  *Relevant Background*

In 1984, Congress enacted the Sentencing Reform Act, which in substantial part remains
the sentencing regime that exists today.  *See* Pub. L. No. 98–473, §§211-212, 98 Stat 1837 (1984),
*codified at* 18 U.S.C. § 3551 *et seq.*; *see Mistretta v. United States*, 488 U.S. 361, 365-66 (1989)
(noting that the Sentencing Reform Act of 1984 wrought "sweeping changes" to federal criminal
sentencing).  That legislation falls in Chapter 227 of Title 18, which covers "Sentences."  Chapter
227, in turn, consists of subchapter A ("General Provisions"), subchapter B ("Probation"),
subchapter C ("Fines"), and subchapter D ("Imprisonment").   Two provisions—one from
subchapter A and one from subchapter B—are relevant to the question of whether a sentencing
court may impose a term of continuous incarceration that exceeds two weeks[7] followed by a term
of probation.

First, in subchapter A, 18 U.S.C. § 3551 sets out "[a]uthorized sentences."  Section 3551(a)
makes clear that a "defendant who has been found guilty of" any federal offense "shall be

---

[7] A period of incarceration that does not exceed two weeks followed by a term of probation is also
permissible under 18 U.S.C. § 3563(b)(10).  *See* Part II *infra*.

sentenced in accordance with the provisions of" Chapter 227 "[e]xcept as otherwise specifically provided." 18 U.S.C. § 3551(a). Section 3551(b) provides that a federal defendant shall be sentenced to "(1) a term of probation as authorized by subchapter B; (2) a fine as authorized by subchapter C; or (3) a term of imprisonment as authorized by subchapter D." 18 U.S.C. § 3551(b).[8] As a general matter, therefore, "a judge must sentence a federal offender to either a fine, a term of probation, or a term of imprisonment." *United States v. Kopp*, 922 F.3d 337, 340 (7th Cir. 2019).

Second, 18 U.S.C. § 3561, the first provision in subchapter B, addresses a "[s]entence of probation." As initially enacted, Section 3561 provided that a federal defendant may be sentenced to a term of probation "unless . . . (1) the offense is a Class A or Class B felony and the defendant is an individual; (2) the offense is an offense for which probation has been expressly precluded; or (3) the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense." Pub. L. No. 98-473, at § 212; *see United States v. Anderson*, 787 F. Supp. 537, 539 (D. Md. 1992) (noting that the Sentencing Reform Act did not permit "a period of 'straight' imprisonment . . . at the same time as a sentence of probation").

Congress, however, subsequently amended Section 3561(a)(3). In 1991, Congress considered adding the following sentence to the end of Section 3561(a)(3): "However, this paragraph does not preclude the imposition of a sentence to a term of probation for a petty offense if the defendant has been sentenced to a term of imprisonment at the same time for another such offense." H.R. Rep. 102-405, at 167 (1991). Instead, three years later Congress revised Section 3561(a)(3) by appending the phrase "that is not a petty offense" to the end of the then-existing language. *See* H.R. Rep. No. 103-711, at 887 (1994) (Conference Report). In its current form,

---

[8] Section 3551(b) further provides that a sentencing judge may impose a fine "in addition to any other sentence." 18 U.S.C. § 3551(b).

therefore, Section 3561(a)(3) provides that a defendant "may be sentenced to a term of probation unless . . . the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense."  18 U.S.C. § 3561(a)(3).

### 2. Analysis

Before Congress passed the Sentencing Reform Act of 1984, sentencing courts could impose a split sentence on a federal defendant in certain cases.  *See United States v. Cohen*, 617 F.2d 56, 59 (4th Cir. 1980) (noting that a sentencing statute enacted in 1958 had as its "primary purpose . . . to enable a judge to impose a short sentence, not exceeding sixth months, followed by probation on a one count indictment"); *see also United States v. Entrekin*, 675 F.2d 759, 760-61 (5th Cir. 1982) (affirming a split sentence of six months' incarceration followed by three years of probation).  In passing the Sentencing Reform Act, Congress sought generally to abolish the practice of splitting a sentence between imprisonment and probation because "the same result" could be accomplished through a "more direct and logically consistent route," namely the use of supervised release as set out in 18 U.S.C. §§ 3581 and 3583.  S. Rep. No. 225, 1983 WL 25404, at *89; *accord* United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 5B1.1, Background.  But Congress's 1994 amendment to Section 3561(a)(3) reinstated a sentencing court's authority to impose a split sentence for a petty offense.

Under 18 U.S.C. § 3561, a defendant "may be sentenced to a term of probation unless . . . the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense."  18 U.S.C. § 3561(a)(3).  Thus, for any federal offense *other than* a petty offense, Section 3561(a)(3) prohibits "imposition of both probation and straight imprisonment," consistent with the general rule in Section 3551(b).  *United States v. Forbes*, 172

F.3d 675, 676 (9th Cir. 1999); *see United States v. Martin*, 363 F.3d 25, 31 (1st Cir. 2004); *United States v. Harris*, 611 F. App'x 480, 481 (9th Cir. 2015); *Anderson*, 787 F. Supp. at 539.

But the statutory text of 18 U.S.C. § 3561(a)(3) goes further by permitting a court to sentence a defendant to a term of probation "unless" that defendant "is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense."  18 U.S.C. § 3561(a)(3).  Section 3561 "begins with a grant of authority"—permitting a court to impose probation—followed by a limitation in the words following "unless."  *Little*, 2022 WL 768685, at *4.  But that limitation "does not extend" to a defendant sentenced to a petty offense. *See id.* ("[W]hile a defendant's sentence of a term of imprisonment *may* affect a court's ability to impose probation, the petty-offense clause limits this exception.").

It follows that when a defendant *is* sentenced for a petty offense, that defendant may be sentenced to a period of continuous incarceration and a term of probation.  *See United States v. Posley*, 351 F. App'x 807, 809 (4th Cir. 2009) (per curiam).  In *Posley*, the defendant, convicted of a petty offense, was sentenced to two years of probation with the first six months in prison.  *Id.* at 808.  In affirming that sentence, the Fourth Circuit concluded that Section 3561(a)(3) "[u]nquestionably" provided statutory authority to sentence the petty-offense defendant to "a term of six months of continuous imprisonment plus probation."  *Id.* at 809; *see* Cyclopedia of Federal Procedure, § 50:203, *Capacity of court to impose probationary sentence on defendant in conjunction with other sentence that imposes term of imprisonment* (3d ed. 2021) ("[W]here the defendant is being sentenced for a petty offense, a trial court may properly sentence such individual to a term of continuous imprisonment for a period of time, as well as a sentence of probation.") (citing *Posley*); *see also* Wright and Miller, *Federal Practice and Procedure*, § 547, at n.13 (4th

ed. 2021) ("A defendant may be sentenced to probation unless he . . . is sentenced at the same time to imprisonment for an offense *that is not petty*.") (emphasis added).

Nor does the phrase "that is not a petty offense" in Section 3561(a)(3) modify only "different offense." *See Little*, 2022 WL 768685, at *5-*6 (concluding that "same" in Section 3561(a)(3) functions as an adjective that modifies "offense"). Section 3561(a)(3) does not state "the same *offense* or a different offense that is not a petty offense," which would imply that the final modifier—*i.e.*, "that is not a petty offense"—applies only to "different offense." The phrase "that is not a petty offense" is a postpositive modifier best read to apply to the entire, integrated phrase "the same or a different offense." *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 148 (2012). Had Congress sought to apply the phrase "not a petty offense" solely to "different offense," the "typical way in which syntax would suggest no carryover modification" would be some language that "cut[s] off the modifying phrase so its backward reach is limited." *Id.* at 148-49. And while the indefinite article "a" might play that role in other contexts (*e.g.*, "either a pastry or cake with icing" vs. "either a pastry or a cake with icing"), the indefinite article in Section 3561(a)(3) merely reflects the fact that the definite article before "same" could not naturally apply to the undefined "different offense." *See Little*, 2022 WL 768685, at *6 (identifying other statutes and "legal contexts" with the identical phrase that carry the same interpretation).

Permitting a combined sentence of continuous incarceration and probation for petty offenses is sensible because sentencing courts cannot impose supervised release on petty-offense defendants. *See* 18 U.S.C. § 3583(b)(3); *United States v. Jourdain*, 26 F.3d 127, 1994 WL 209914, at *1 (8th Cir. 1994) (unpublished) (plain error to impose a term of supervised release for a petty offense). When Congress in 1994 amended the language in Section 3561(a), it again provided

sentencing courts with "latitude," *see* S. Rep. 98-225, 1983 WL 25404, at *89, to ensure some degree of supervision—through probation—following incarceration.

Section 3551(b)'s general rule that a sentencing court may impose either imprisonment or probation (but not both) does not preclude a sentencing court from imposing a split sentence under Section 3561(a)(3) for a petty offense for two related reasons.

First, the more specific permission for split sentences in petty offense cases in Section 3561(a)(3) prevails over the general prohibition on split sentences in Section 3551(b). *See Morton v. Mancari*, 417 U.S. 535, 550-51 (1974) ("Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one."). As noted above, when Congress enacted the general prohibition on split sentences in Section 3551(b), it had not yet enacted the more specific carveout for split sentences in petty offense cases in Section 3561(a)(3). That carveout does not "void" the general prohibition on split sentences in Section 3551(b); rather, Section 3551(b)'s general prohibition's "application to cases covered by the specific provision [in Section 3651(a)(3)] is suspended" as to petty offense cases. Scalia & Garner, *supra*, at 184. In other words, Section 3551(b)'s prohibition against split sentences "govern[s] all other cases" apart from a case involving a petty offense. *Id.* This interpretation, moreover, "ensures that *all* of Congress's goals set forth in the text are implemented." *Little*, 2022 WL 768685, at *8.

Second, to the extent Section 3551(b)'s general prohibition against split sentences conflicts with Section 3561(a)(3)'s permission for split sentences in petty offense cases, the latter, later-enacted provision controls. *See Posadas v. Nat'l Bank of N.Y.*, 296 U.S. 497, 503 (1936) ("Where provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one."); Scalia & Garner, *supra*, at 327-329. Where a conflict exists "between a general provision and a specific one, whichever was enacted later might

be thought to prevail." *Id.* at 185. "The "specific provision"—here Section 3561(a)(3)—"does not negate the general one entirely, but only in its application to the situation that the specific provision covers." *Id.* Section 3551(b)'s general prohibition does not operate against the more specific, later-enacted carveout for split sentences in Section 3561(a)(3).

An interpretation of Sections 3551(b) and 3561(a) that a sentencing court "must choose between probation and imprisonment when imposing a sentence for a petty offense," *United States v. Spencer*, No. 21-cr-147 (CKK), Doc. 70, at 5 (Jan. 19, 2022), fails to accord the phrase "that is not a petty offense" in Section 3561(a)(3) any meaning. When Congress in 1994 amended Section 3561(a)(3) to include that phrase, it specifically permitted a sentencing court in a petty offense case to deviate from the otherwise applicable general prohibition on combining continuous incarceration and probation in a single sentence. Ignoring that amended language would improperly fail to "give effect to every clause and word" of Section 3561(a)(3). *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 385 (2013).

Congress's unenacted language from 1991 does not suggest that a split sentence is available only where a defendant is sentenced at the same time for two different petty offenses or for two offenses, at least one of which is a petty offense. For one thing, the Supreme Court has regularly rejected arguments based on unenacted legislation given the difficulty of determining whether a prior bill prompted objections because it went too far or not far enough. *See Mead Corp. v. Tilley*, 490 U.S. 714, 723 (1989) ("We do not attach decisive significance to the unexplained disappearance of one word from an unenacted bill because 'mute intermediate legislative maneuvers' are not reliable indicators of congressional intent.") (citation omitted). Moreover, under that view, every offense other than a petty offense could include some period of incarceration and some period of supervision (whether that supervision is supervised release or

38

probation). Yet so long as a defendant was convicted of two petty offenses, that defendant could be sentenced to incarceration and supervision (in the form of probation). No sensible penal policy supports that interpretation.

It follows that a sentencing court may impose a combined sentence of incarceration and probation where, as here, the defendant is convicted of a petty offense. The defendant pleaded guilty to one count of 40 U.S.C. § 5104(e)(2)(G): Parading, Demonstrating, or Picketing in the Capitol Building, which is a "petty offense" that carries a maximum penalty that does not exceed six months in prison and a $5,000 fine. *See* 18 U.S.C. § 19; *see United States v. Soderna*, 82 F.3d 1370, 1381 n.2 (7th Cir. 1996) (Kanne, J., concurring) (citations omitted) (noting that a petty offender may face a sentence of up to five years in probation).

### B. A sentence of probation may include incarceration as a condition of probation, though logistical and practical reasons may militate against such a sentence during an ongoing pandemic.

#### 1. Relevant background

In 18 U.S.C. § 3563, Congress set out "[c]onditions of probation." 18 U.S.C. § 3563. Among the discretionary conditions of probation a sentencing court may impose is a requirement that a defendant

> remain in the custody of the Bureau of Prisons during nights, weekends or other intervals of time, totaling no more than the lesser of one year or the term of imprisonment authorized for the offense, during the first year of the term of probation or supervised release.

18 U.S.C. § 3563(b)(10). Congress enacted this provision to give sentencing courts "flexibility" to impose incarceration as a condition of probation in one of two ways. S. Rep. No. 225, 1983 WL 25404, at *98. First, a court can direct that a defendant be confined in "split intervals" over

weekends or at night.  *Id.*  Second, a sentencing court can impose "a brief period of confinement"

such as "for a week or two."  *Id.*[9]

### A.  Analysis

A sentencing court may impose one or more intervals of imprisonment up to a year (or the

statutory maximum) as a condition of probation, so long as the imprisonment occurs during

"nights, weekends or other intervals of time."  18 U.S.C. § 3563(b)(10).  Although the statute does

not define an "interval of time," limited case law suggests that it should amount to a "brief period"

of no more than a "week or two" at a time.  *United States v. Mize*, No. 97-40059, 1998 WL 160862,

at *2 (D. Kan. Mar. 18, 1998) (quoting Section 3563(b)(10)'s legislative history described above

and reversing magistrate's sentence that included 30-day period of confinement as a condition of

probation); *accord United States v. Baca*, No. 11-1, 2011 WL 1045104, at *2 (C.D. Cal. Mar. 18,

2011) (concluding that two 45-day periods of continuous incarceration as a condition of probation

was inconsistent with Section 3563(b)(10)); *see also Anderson*, 787 F. Supp. at 538 (continuous

60-day incarceration not appropriate as a condition of probation); *Forbes*, 172 F.3d at 676 ("[S]ix

months is not the intermittent incarceration that this statute permits.").  Accordingly, a sentence of

up to two weeks' imprisonment served in one continuous term followed by a period of probation

is permissible under Section 3563(b)(10).[10]

---

[9] Section 3563(b)(10)'s legislative history notes that imprisonment as a term of probation was "not
intended to carry forward the split sentence provided in Section 3561, by which the judge imposes
a sentence of a few months in prison followed by probation."  S. Rep. No. 225, 1983 WL 25404,
at *98.

[10] Section 3563(b)(10)'s use of the plural to refer to "nights, weekends, or intervals of time" does
not imply that a defendant must serve multiple stints in prison.  Just as "words importing the
singular include and apply to several persons, parties, or things," "words importing the plural
include the singular."  1 U.S.C. § 1; *see* Scalia & Garner, *supra*, at 129-31.

A sentencing court may also impose "intermittent" confinement as a condition of probation to be served in multiple intervals during a defendant's first year on probation.   18 U.S.C. § 3563(b)(10); *see Anderson*, 787 F. Supp. at 539.   Notwithstanding a sentencing court's legal authority to impose intermittent confinement in this manner, the government has refrained from requesting such a sentence in Capitol breach cases given the potential practical and logistical concerns involved when an individual repeatedly enters and leaves a detention facility during an ongoing global pandemic.   Those concerns would diminish if conditions improve or if a given facility is able to accommodate multiple entries and exits without unnecessary risk of exposure. In any event, the government does not advocate a sentence that includes a imprisonment as a term of probation in the defendant's case given the requested three months' imprisonment sentence.

**VI.     Conclusion**

Sentencing requires the Court to carefully balance the § 3553(a) factors. As explained herein, some of those factors support a sentence of incarceration and some support a more lenient sentence. Balancing these factors, the government recommends that this Court sentence Carlton to three months' incarceration, 36 months' probation, and $500 in restitution. Such a sentence protects the community, promotes respect for the law, and deters future crime by imposing restrictions on his liberty as a consequence of his behavior, while recognizing his early acceptance of responsibility.

Respectfully submitted,

MATTHEW GRAVES
UNITED STATES ATTORNEY

By:        /s/
ANNE VELDHUIS
Trial Attorney
Detailee
CA Bar No. 298491
450 Golden Gate Ave., Room 10-0101
San Francisco, CA 94102
(415) 934-5500
anne.veldhuis@usdoj.gov

JAMIE CARTER
Assistant United States Attorney
DC Bar 1027970
601 D Street, N.W., Room 4.210
Washington, D.C. 20530
(202) 252-6741
Jamie.Carter@usdoj.gov

Table 1: Cases in which the government recommended a probation sentence without home detention[1]

| Defendant Name | Case Number | Offense of Conviction | Government Recommendation | Sentence Imposed |
|---|---|---|---|---|
| Morgan-Lloyd, Anna | 1:21-CR-00164-RCL | 40 U.S.C. § 5104(e)(2)(G) | 36 months' probation<br>40 hours community service<br>$500 restitution | 36 months' probation<br>120 hours community service<br>$500 restitution |
| Ehrke, Valerie | 1:21-CR-00097-PLF | 40 U.S.C. § 5104(e)(2)(G) | 36 months' probation<br>40 hours community service<br>$500 restitution | 36 months' probation<br>120 hours community service<br>$500 restitution |
| Bissey, Donna | 1:21-CR-00165-TSC | 40 U.S.C. § 5104(e)(2)(G) | 36 months' probation<br>40 hours community service<br>$500 restitution | 14 days' incarceration<br>60 hours community service<br>$500 restitution |
| Hiles, Jacob | 1:21-CR-00155-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 36 months' probation<br>60 hours community service<br>$500 restitution | 24 months' probation<br>60 hours community service<br>$500 restitution |
| Wangler, Douglas | 1:21-CR-00365-DLF | 40 U.S.C. § 5104(e)(2)(G) | 36 months' probation<br>40 hours community service<br>$500 restitution | 24 months' probation<br>60 hours community service<br>$500 restitution |
| Harrison, Bruce | 1:21-CR-00365-DLF | 40 U.S.C. § 5104(e)(2)(G) | 48 months' probation<br>40 hours community service<br>$500 restitution | 24 months' probation<br>60 hours of community service<br>$500 restitution |

---

[1] Early in this investigation, the Government made a very limited number of plea offers in misdemeanor cases that included an agreement to recommend probation in *United States v. Anna Morgan-Lloyd*, 1:21-cr-00164(RCL); *United States v. Valerie Elaine Ehrke*, 1:21-cr-00097(PFF); *United States v. Donna Sue Bissey*, 1:21-cr-00165(TSC), *United States v. Douglas K. Wangler*, 1:21-cr-00365(DLF), and *United States v. Bruce J. Harrison*, 1:21-cr-00365(DLF). The government is abiding by its agreements in those cases, but has made no such agreement in this case. *Cf. United States v. Rosales-Gonzales*, 801 F.3d 1177, 1183 (9th Cir. 2015) (no unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6) between defendants who plead guilty under a "fast-track" program and those who do not given the "benefits gained by the government when defendants plead guilty early in criminal proceedings") (citation omitted).

Table 2: Cases in which the government recommended a probation sentence with home detention

| Defendant Name | Case Number | Offense of Conviction | Government Recommendation | Sentence Imposed |
|---|---|---|---|---|
| Bustle, Jessica | 1:21-CR-00238-TFH | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>40 hours community service<br>$500 restitution | 2 months' home detention<br>24 months' probation<br>40 hours community service<br>$500 restitution |
| Bustle, Joshua | 1:21-CR-00238-TFH | 40 U.S.C. § 5104(e)(2)(G) | 30 days' home detention<br>36 months' probation<br>40 hours community service<br>$500 restitution | 30 days' home detention<br>24 months' probation<br>40 hours community service<br>$500 restitution |
| Doyle, Danielle | 1:21-CR-00324-TNM | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' probation<br>$3,000 fine<br>$500 restitution |
| Bennett, Andrew | 1:21-CR-00227-JEB | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 3 months' home detention<br>24 months' probation<br>80 hours community service<br>$500 restitution |
| Mazzocco, Matthew | 1:21-CR-00054-TSC | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 45 days' incarceration<br>60 hours community service<br>$500 restitution |
| Rosa, Eliel | 1:21-CR-00068-TNM | 40 U.S.C. § 5104(e)(2)(G) | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 12 months' probation<br>100 hours community service<br>$500 restitution |

| Gallagher, Thomas | 1:21-CR-00041-CJN | 40 U.S.C. § 5104(e)(2)(G) | 30 days' home detention<br>36 months' probation<br>Fine<br>60 hours community service<br>$500 restitution | 24 months' probation<br>60 hours community service<br>$500 restitution |
|---|---|---|---|---|
| Vinson, Thomas | 1:21-CR-00355-RBW | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>3 years' probation<br>60 hours community service<br>$500 restitution | 5 years' probation<br>$5,000 fine<br>120 hours community service<br>$500 restitution |
| Dillon, Brittiany | 1:21-CR-00360-DLF | 40 U.S.C. § 5104(e)(2)(D) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' home detention<br>36 months' probation<br>$500 restitution |
| Sanders, Jonathan | 1:21-CR-00384-CJN | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 36 months' probation<br>60 hours community service<br>$500 restitution |
| Fitchett, Cindy | 1:21-CR-00041-CJN | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Sweet, Douglas | 1:21-CR-00041-CJN | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Cordon, Sean | 1:21-CR-00269-TNM | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' probation<br>$4000 fine<br>$500 restitution |

| | | | | |
|---|---|---|---|---|
| Wilkerson, John IV | 1:21-CR-00302-CRC | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 36 months' probation<br>$2500 fine<br>60 hours community service<br>$500 restitution |
| Jones, Caleb | 1:21-CR-00321-JEB | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' home detention<br>24 months' probation<br>100 hours community service<br>$500 restitution |
| Brown, Terry | 1:21-CR-00041-CJN | 40 U.S.C. § 5104(e)(2)(G) | 45 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Wrigley, Andrew | 1:21-CR-00042-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 18 months' probation<br>$2000 fine<br>60 hours community service<br>$500 restitution |
| Parks, Jennifer | 1:21-CR-00363-CJN | 40 U.S.C. § 5104(e)(2)(G) | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 24 months' probation<br>60 hours community service<br>$500 restitution |
| Reimler, Nicholas | 1:21-CR-00239-RDM | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Miller, Brandon | 1:21-CR-00266-TSC | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 20 days' incarceration<br>60 hours community service<br>$500 restitution |
| Miller, Stephanie | 1:21-CR-00266-TSC | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 14 days' incarceration<br>60 hours community service<br>$500 restitution |
| Hatley, Andrew | 1:21-CR-00098-TFH | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 36 months' probation<br>$500 restitution |

| Pert, Rachael | 1:21-CR-00139-TNM | 18 U.S.C. § 1752(a)(1) | 3 months' home detention<br>24 months' probation<br>40 hours community service<br>$500 restitution | 24 months' probation<br>100 hours community service<br>$500 restitution |
|---|---|---|---|---|
| Winn, Dana | 1:21-CR-00139-TNM | 18 U.S.C. § 1752(a)(1) | 3 months' home detention<br>24 months' probation<br>40 hours community service<br>$500 restitution | 10 days' incarceration (weekends)<br>12 months' probation<br>100 hours community service<br>$500 restitution |
| Wickersham, Gary | 1:21-CR-00606-RCL | 40 U.S.C. § 5104(e)(2)(G) | 4 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 3 months' home detention<br>36 months' probation<br>$2000 fine<br>$500 restitution |
| Schwemmer, Esther | 1:21-CR-00364-DLF | 40 U.S.C. § 5104(e)(2)(G) | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 24 months' probation<br>60 hours community service<br>$500 restitution |
| Kelly, Kenneth | 1:21-CR-00331-CKK | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' home detention<br>12 months' probation<br>$500 restitution |
| Straka, Brandon | 1:21-cr-00579-DLF | 40 U.S.C. § 5104(e)(2)(D) | 4 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 3 months' home detention<br>36 months' probation<br>$5000 fine<br>60 hours community service<br>$500 restitution |
| Sizer, Julia | 1:21-CR-00621-CRC | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 12 months' probation<br>$2,000 fine<br>$500 restitution |
| Blauser, William | 1:21-CR-00386-TNM | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | $500 fine<br>$500 restitution |

| Barnard, Richard | 1:21-CR-00235-RC | 40 U.S.C. § 5104(e)(2)(G) | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' home detention<br>12 months' probation<br>60 hours community service<br>$500 restitution |
|---|---|---|---|---|
| Witcher, Jeffrey | 1:21-CR-00235-RC | 18 U.S.C. § 1752(a)(1) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 12 months' probation<br>60 hours community service<br>$500 restitution |
| McAlanis, Edward | 1:21-CR-00516-DLF | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 24 months' probation<br>60 hours community service<br>$500 restitution |
| Lollis, James | 1:21-CR-00671-BAH | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>100 hours community service<br>$500 restitution | 3 months' home detention<br>36 months' probation<br>100 hours community service<br>$500 restitution |
| Schubert, Amy | 1:21-CR-00588-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 18 months' probation<br>$2000 fine<br>100 hours community service<br>$500 restitution |
| Schubert, John | 1:21-CR-00587-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 18 months' probation<br>$1500 fine<br>100 hours community service<br>$500 restitution |
| Orangias, Michael | 1:21-CR-00265-CKK | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>$500 restitution | 3 months' home detention<br>36 months' probation<br>$500 restitution |
| Quick, Michael | 1:21-CR-00201-DLF | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>$500 restitution | 36 months' probation<br>$1000 fine<br>60 hours community service<br>$500 restitution |
| Quick, Stephen | 1:21-CR-00201-DLF | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>$500 restitution | 24 months' probation<br>$1000 fine<br>60 hours community service<br>$500 restitution |

| Reda, Kenneth | 1:21-CR-00452-TFH | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution |
|---|---|---|---|---|
| McCreary, Brian | 1:21-CR-00125-BAH | 18 U.S.C. § 1752(a)(1) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 42 days' intermittent incarceration (condition of probation)<br>2 months' home detention<br>36 months' probation<br>$2,500 fine<br>$500 restitution |
| Colbath, Paul | 1:21-CR-00650-RDM | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 day's home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Lewis, Jacob | 1:21-CR-00100-CRC | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 24 months' probation<br>$3000 fine<br>60 hours community service<br>$500 restitution |
| Lentz, Nicholes | 1:22-CR-00053-RDM | 18 U.S.C. § 1752(a)(1) | 2 months' home detention<br>36 months' probation | 1 month home detention<br>36 months' probation<br>100 hours community service<br>$500 restitution |
| Daughtry, Michael | 1:21-CR00141-RDM | 18 U.S.C. § 1752(a)(1) | 4 month's home detention<br>36 months' probation<br>$500 restitution | 60 days' home detention<br>36 months' probation<br>$500 restitution |

Table 3: Cases in which the government recommended a sentence of incarceration

| Defendant Name | Case Number | Offense of Conviction | Government Recommendation | Sentence Imposed |
|---|---|---|---|---|
| Curzio, Michael | 1:21-CR-00041-CJN | 40 U.S.C. § 5104(e)(2)(G) | 6 months' incarceration (time served) | 6 months' incarceration (time served)<br>$500 restitution |
| Hodgkins, Paul | 1:21-CR-00188-RDM | 18 U.S.C. § 1512(c)(2) | 18 months' incarceration | 8 months' incarceration<br>24 months' supervised release<br>$2000 restitution |

| Dresch, Karl | 1:21-CR-00071-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 6 months' incarceration (time served)<br>$1000 fine<br>$500 restitution | 6 months' incarceration (time served)<br>$500 restitution |
|---|---|---|---|---|
| Jancart, Derek | 1:21-CR-00148-JEB | 40 U.S.C. § 5104(e)(2)(D) | 4 months' incarceration<br>$500 restitution | 45 days' incarceration<br>$500 restitution |
| Rau, Erik | 1:21-CR-00467-JEB | 40 U.S.C. § 5104(e)(2)(D) | 4 months' incarceration<br>$500 restitution | 45 days' incarceration<br>$500 restitution |
| Hemenway, Edward | 1:21-CR-00049-TSC | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 45 days' incarceration<br>60 hours community service<br>$500 restitution |
| Reeder, Robert | 1:21-CR-00166-TFH | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>$500 restitution | 3 months' incarceration<br>$500 restitution |
| Bauer, Robert | 1:21-CR-00049-TSC | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 45 days' incarceration<br>60 hours community service<br>$500 restitution |
| Smocks, Troy | 1:21-CR-00198-TSC | 18 U.S.C. § 875(c) | Low end of sentencing guidelines<br>36 months' supervised release | 14 months' incarceration<br>36 months' supervised release |
| Vinson, Lori | 1:21-CR-00355-RBW | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 60 months' probation<br>$5,000 fine<br>120 hours community service<br>$500 restitution |
| Griffith, Jack | 1:21-CR-00204-BAH | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>$500 restitution | 3 months' home detention<br>36 months' probation<br>$500 restitution |
| Torrens, Eric | 1:21-CR-00204-BAH | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>$500 restitution | 3 months' home detention<br>36 months' probation<br>$500 restitution |
| Gruppo, Leonard | 1:21-CR-00391-BAH | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 3 months' home detention<br>24 months' probation<br>$3,000 fine<br>$500 restitution |
| Ryan, Jennifer | 1:21-CR-00050-CRC | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>$500 restitution | 2 months' incarceration<br>$1000 fine<br>$500 restitution |

| Croy, Glenn | 1:21-CR-00162-BAH | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>$500 restitution | 14 days' community correctional facility<br>3 months' home detention<br>36 months' probation<br>$500 restitution |
|---|---|---|---|---|
| Stotts, Jordan | 1:21-CR-00272-TJK | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>$500 restitution | 2 months' home detention<br>24 months' probation<br>60 hours community service<br>$500 restitution |
| Fairlamb, Scott | 1:21-CR-00120-RCL | 18 U.S.C. § 1512(c)(2)<br>18 U.S.C. § 111(a)(1) | 44 months' incarceration<br>36 months' supervised release<br>$2000 fine | 41 months' incarceration<br>36 months' supervised release<br>$2000 restitution |
| Camper, Boyd | 1:21-CR-00325-CKK | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>$500 restitution | 2 months' incarceration<br>60 hours community service<br>$500 restitution |
| Rukstales, Bradley | 1:21-CR-00041-CJN | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>$500 restitution | 30 days' incarceration<br>$500 restitution |
| Cordon, Kevin | 1:21-CR-00277-TNM | 18 U.S.C. § 1752(a)(1) | 30 days' incarceration<br>12 months' supervised release<br>$500 restitution | 12 months' probation<br>$4000 fine<br>100 hours community service<br>$500 restitution |
| Chansley, Jacob | 1:21-CR-00003-RCL | 18 U.S.C. § 1512(c)(2) | 51 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 41 months' incarceration<br>36 months' supervised release<br>$2000 restitution |
| Mish, David | 1:21-CR-00112-CJN | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 30 days' incarceration<br>$500 restitution |
| Lolos, John | 1:21-CR-00243-APM | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 14 days' incarceration<br>$500 restitution |
| Scavo, Frank | 1:21-CR-00254-RCL | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>$500 restitution | 2 months' incarceration<br>$5000 fine<br>$500 restitution |
| Abual-Ragheb, Rasha | 1:21-CR-00043-CJN | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution |

| Peterson, Russell | 1:21-CR-00309-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>$500 restitution | 30 days' incarceration<br>$500 restitution |
|---|---|---|---|---|
| Simon, Mark | 1:21-CR-00067-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>$500 restitution | 35 days' incarceration<br>$500 restitution |
| Ericson, Andrew | 1:21-CR-00506-TNM | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>$500 restitution | 20 days' incarceration (consecutive weekends)<br>24 months' probation<br>$500 restitution |
| Pham, Tam Dinh | 1:21-CR-00109-TJK | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>$500 restitution | 45 days' incarceration<br>$1000 fine<br>$500 restitution |
| Nelson, Brandon | 1:21-CR-00344-JDB | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>$500 restitution | 24 months' probation<br>$2500 fine<br>50 hours community service<br>$500 restitution |
| Markofski, Abram | 1:21-CR-00344-JDB | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>$500 restitution | 24 months' probation<br>$1000 fine<br>50 hours community service<br>$500 restitution |
| Marquez, Felipe | 1:21-CR-00136-RC | 18 U.S.C. § 1752(a)(2) | 4 months' incarceration<br>12 months' supervised release<br>$500 restitution | 3 month's home detention<br>18 months' probation<br>$500 restitution |
| Meredith, Cleveland | 1:21-CR-00159-ABJ | 18 U.S.C. § 875(c) | Midrange of 37-46 months' incarceration<br>36 months' supervised release | 28 months' incarceration<br>36 months' supervised release |
| Sorvisto, Jeremy | 1:21-CR-00320-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 30 days' incarceration<br>$500 restitution |
| Mariotto, Anthony | 1:21-CR-00094-RBW | 40 U.S.C. § 5104(e)(2)(G) | 4 months' incarceration<br>36 months' probation<br>$500 restitution | 36 months' probation<br>$5000 fine<br>250 hours community service<br>$500 restitution |

10

| Courtright, Gracyn | 1:21-CR-00072-CRC | 18 U.S.C. § 1752(a)(1) | 6 months' incarceration<br>12 months' supervised release<br>60 hours community service<br>$500 restitution | 30 days' incarceration<br>12 months' supervised release<br>60 hours community service<br>$500 restitution |
|---|---|---|---|---|
| Palmer, Robert | 1:21-CR-00328-TSC | 18 U.S.C. § 111(a) and (b) | 63 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 63 months' incarceration<br>36 months' supervised release<br>$2000 restitution |
| Thompson, Devlyn | 1:21-CR-00461-RCL | 18 U.S.C. § 111(a) and (b) | 48 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 46 months' incarceration<br>36 months' supervised release<br>$2000 restitution |
| Edwards, Gary | 1:21-CR-00366-JEB | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>24 months' probation<br>$500 restitution | 12 months' probation<br>$2500 fine<br>200 hours of community service<br>$500 restitution |
| Tutrow, Israel | 1:21-CR-00310-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>$500 restitution | 2 months' home detention<br>36 months' probation<br>$500 restitution |
| Ridge IV, Leonard | 1:21-CR-00406-JEB | 18 U.S.C. § 1752(a)(1) | 45 days' incarceration<br>12 months' supervised release<br>60 hours community service<br>$500 restitution | 14 days' consecutive incarceration<br>12 months' supervised release<br>$1000 fine<br>100 hours community service<br>$500 restitution |
| Perretta, Nicholas | 1:21-CR-00539-TSC | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 30 days' incarceration<br>$500 restitution |
| Vukich, Mitchell | 1:21-CR-00539-TSC | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 30 days' incarceration<br>$500 restitution |
| Spencer, Virginia | 1:21-CR-00147-CKK | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>36 months' probation<br>$500 restitution | 3 months' incarceration<br>$500 restitution |
| Kostolsky, Jackson | 1:21-CR-00197-DLF | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 30 days' home detention<br>36 months' probation<br>$500 restitution |

| Rusyn, Michael | 1:21-CR-00303-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>$500 restitution | 2 months' home detention<br>24 months' probation<br>$2000 fine<br>$500 restitution |
|---|---|---|---|---|
| Tryon, William | 1:21-CR-00420-RBW | 18 U.S.C. § 1752(a)(1) | 30 days' incarceration<br>12 months' supervised release<br>$500 restitution | 50 days' incarceration<br>12 months' supervised release<br>$1000 fine<br>$500 restitution |
| Sells, Tanner | 1:21-CR-00549-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 3 months' home detention<br>24 months' probation<br>$1500 fine<br>50 hours community service<br>$500 restitution |
| Walden, Jon | 1:21-CR-00548-DLF | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>60 hours community service<br>$500 restitution | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Prado, Nicole | 1:21-CR-00403-RC | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' 12-hour curfew<br>12 months' probation<br>$742 fine<br>60 hours community service<br>$500 restitution |
| Williams, Vic | 1:21-CR-00388-RC | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' home detention<br>12 months' probation<br>$1500 fine<br>60 hours community service<br>$500 restitution |
| Wiedrich, Jacob | 1:21-CR-00581-TFH | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>36 months' probation<br>$500 restitution | 3 months' home detention<br>36 months' probation<br>100 hours community service<br>$500 restitution |
| Stepakoff, Michael | 1:21-CR-00096-RC | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' home detention<br>12 months' probation<br>$742 fine<br>60 hours community service<br>$500 restitution |

| Scirica, Anthony | 1:21-CR-00457-CRC | 40 U.S.C. § 5104(e)(2)(G) | 15 days' incarceration<br>$500 restitution | 15 days' incarceration<br>$500 fine<br>$500 restitution |
|---|---|---|---|---|
| Crase, Dalton | 1:21-CR-00082-CJN | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 15 days' intermittent incarceration (condition of probation)<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Williams, Troy | 1:21-CR-00082-CJN | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 15 days' intermittent incarceration (condition of probation)<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Languerand, Nicholas | 1:21-CR-00353-JDB | 18 U.S.C. § 111 (a) and (b) | 51 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 44 months' incarceration<br>24 months' supervised release<br>60 hours community service<br>$2000 restitution |
| Wilson, Zachary | 1:21-CR-00578-APM | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 45 days' home detention<br>24 months' probation<br>60 hours community service<br>$500 restitution |
| Wilson, Kelsey | 1:21-CR-00578-APM | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 30 days' home detention<br>24 months' probation<br>60 hours community service<br>$500 restitution |
| McAuliffe, Justin | 1:21-CR-00608-RCL | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 2 months' home detention<br>36 months' probation<br>$500 restitution |
| Williams, Andrew | 1:21-CR-00045-DLF | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>24 months' probation<br>60 hours community service<br>$500 restitution | 24 months' probation<br>60 hours community service<br>$500 restitution |
| Leffingwell, Mark | 1:21-CR-00005-ABJ | 18 U.S.C. § 111(a)(1) | 27 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 6 months' incarceration<br>24 months' supervised release<br>200 hours community service<br>$2,000 restitution |

| Wagner, Joshua | 1:21-CR-00310-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | 30 days' incarceration<br>$500 restitution |
|---|---|---|---|---|
| Stenz, Brian | 1:21-CR-00456-BAH | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 14 days' incarceration as a condition of probation<br>2 months' home detention<br>36 months' probation<br>$2500 fine<br>$500 restitution |
| Schornak, Robert | 1:21-CR-00278-BAH | 18 U.S.C. § 1752(a)(1) | 4-6 months' incarceration<br>12 months supervised release<br>60 hours community service<br>$500 restitution | 28 days' intermittent incarceration (2 14-day intervals)<br>2 months' home detention<br>36 months' probation<br>$500 restitution |
| Castro, Mariposa | 1:21-CR-00299-RBW | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>$500 restitution | 45 days' incarceration<br>$5000 fine |
| Sunstrum, Traci | 1:21-CR-00652-CRC | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 30 days' home detention<br>36 months' probation<br>$500 restitution |
| Register, Jeffrey | 1:21-CR-00349-TJK | 40 U.S.C. § 5104(e)(2)(G) | 5 months' incarceration<br>$500 restitution | 75 days' incarceration<br>$500 restitution |
| Johnson, Adam | 1:21-CR-00648-RBW | 18 U.S.C. § 1752(a)(1) | 90 days' incarceration<br>12 month's supervised release<br>$5000 fine | 75 days' incarceration<br>12 months' supervised release<br>$5000 fine<br>200 hours community service<br>$500 restitution |
| Howell, Annie | 1:21-CR-00217-TFH | 18 U.S.C. § 1752(a)(1) | 60 days' incarceration<br>12 month's supervised release<br>$500 restitution | 60 days' intermittent incarceration, to be served in 10-day installments, as a condition of probation<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Gonzalez, Eduardo | 1:21-CR-00115-CRC | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>$500 restitution | 45 days' incarceration<br>24 months' probation<br>$1000 fine<br>$500 restitution |

14

| Wilson, Duke | 1:21-CR-00345-RCL | 18 U.S.C. § 1512(c)(2)<br>18 U.S.C. § 111(a)(1) | 46 months' incarceration<br>$2000 + TBD restitution for injured officer | 51 months' incarceration<br>36 months' supervised release<br>TBD restitution |
| Strong, Kevin | 1:21-CR-00114-TJK | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 30 days' home detention<br>24 months' probation<br>60 hours community service<br>$500 restitution |
| Bonet, James | 1:21-CR-00121-EGS | 18 U.S.C. § 1752(a)(1) | 45 days' incarceration<br>12 months' probation<br>$500 restitution | 3 months' incarceration<br>12 months' probation<br>200 hours community service<br>$500 restitution |
| Nalley, Verden | 1:21-CR-00016-DLF | 18 U.S.C. § 1752(a)(1) | 14 days' incarceration<br>12 months' probation<br>60 hours community service<br>$500 restitution | 24 months' probation<br>60 hours community service<br>$500 restitution |
| Carico, Michael | 1:21-CR-00696-TJK | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | 2 months' home detention<br>24 months' probation<br>$500 fine<br>60 hours community service<br>$500 restitution |
| Little, James | 1:21-CR-00315-RCL | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | 60 days' incarceration<br>36 months' probation<br>$500 restitution |
| Loftus, Kevin | 1:21-CR-00081-DLF | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation | 36 months' probation<br>60 hours community service<br>$500 restitution |
| Smith, Jeffrey | 1:21-CR-00290-RBW | 40 U.S.C. § 5104(e)(2)(G) | 5 months' incarceration<br>$500 restitution | 90 days' incarceration<br>24 months' probation<br>200 hours community service<br>$500 restitution |
| Kelley, Kari | 1:21-CR-00201-DLF | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | 36 months' probation<br>$500 restitution |
| Martin, Zachary | 1:21-CR-00201-DLF | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | 36 months' probation<br>$1000 fine<br>60 hours community service |

| | | | | $500 restitution |
|---|---|---|---|---|
| Cudd, Jenny | 1:21-CR-00068-TNM | 18 U.S.C. § 1752(a)(1) | 75 days' incarceration<br>12 months' supervised release<br>$500 restitution | 2 months' probation<br>$5000 fine<br>$500 restitution |
| Jackson, Micajah | 1:21-CR-00484-RDM | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>36 months supervised release<br>$500 restitution | 36 months' probation with 90 days in residential half-way house<br>$1,000 fine<br>$500 restitution |
| Petrosh, Robert | 1:21-CR-00347-TNM | 18 U.S.C. § 641 | 4 months' incarceration<br>12 months supervised release<br>60 hours community service<br>$938 restitution | 10 days' incarceration<br>12 months supervised release<br>$1,000 fine<br>$938 restitution |
| Ivey, Bryan | 1:21-CR-00267-CRC | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution<br>60 hours community service | 60 days' home detention<br>36 months' probation<br>$500 restitution<br>60 hours community service |
| Burress, Gabriel | 1:21-CR-00744-TJK | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution<br>60 hours community service | 45 days' home confinement<br>18 months' probation<br>$500 restitution<br>60 hours community service |
| Pettit, Madison | 1:21-CR-00744-TJK | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution<br>60 hours community service | 45 days' home confinement<br>18 months' probation<br>$500 restitution<br>60 hours community service |
| Coffman, Lonnie | 1:21-CR-00004-CKK | 26 U.S.C. § 5861(d)<br>22 D.C. Code § 4504(a) | Middle of SGR<br>36 months supervised release | 46 months' incarceration<br>36 months supervised release |
| Fee, Thomas | 1:21-CR-00133-JDB | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution<br>60 hours community service | 24 months' probation<br>$500 fine<br>$500 restitution<br>50 hours community service |
| Herendeen, Daniel | 1:21-CR-00278-BAH | 18 U.S.C. § 1752(a)(1) | 28 days' incarceration<br>36 months' probation<br>$500 restitution | 14 days' incarceration<br>2 months' home detention<br>36 months' probation |

16

| | | | 60 hours community service | $500 restitution |
|---|---|---|---|---|
| Zlab, Joseph | 1:21-CR-00389-RBW | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>36 months' probation<br>$500 restitution<br>60 hours community service | 36 months' probation<br>$500 fine<br>$500 restitution<br>200 hours community service |
| Riddle, Jason | 1:21-CR-00304-DLF | 18 U.S.C. § 641<br>40 U.S.C. § 5104(e)(2)(G) | 90 days' incarceration<br>12 months' supervised release<br>$754 restitution | 90 days incarceration for the § 641 offense<br>36 months' probation for the § 5104(e)(2)(G) offense<br>$754 restitution<br>60 days community service |
| Fox, Samuel | 1:21-CR-00435-BAH | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | 2 months' home detention<br>36 months' probation<br>$2,500 fine<br>$500 restitution |
| O'Brien, Kelly | 1:21-CR-00633-RCL | 18 U.S.C. § 1752(a)(1) | 5 months' incarceration<br>12 months' supervised release<br>$500 restitution | 90 days' incarceration<br>12 months' supervised release<br>$1,000 fine<br>$500 restitution |
| Hardin, Michael | 1:21-CR-00280-TJK | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>36 months' probation<br>$500 restitution<br>60 hours community service | 30 day's home confinement<br>18 months' probation<br>$500 restitution<br>60 hours community service |
| Hernandez, Emily | 1:21-CR-00747-JEB | 18 U.S.C. § 1752(a)(1) | 45 days' incarceration<br>12 months' supervised release<br>$500 restitution<br>60 hours community service | 30 days' incarceration<br>12 months' supervised release<br>$500 restitution<br>80 hours community service |
| Merry, William | 1:21-CR-00748-JEB | 18 U.S.C. § 641 | 4 months' incarceration<br>12 months' supervised release<br>$500 restitution<br>60 hours community service | 45 days' incarceration<br>9 months' supervised release<br>$500 restitution<br>80 hours community service |
| Westover, Paul | 1:21-CR-00697-JEB | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>$500 restitution | 45 days' incarceration<br>$500 restitution |
| O'Malley, Timothy | 1:21-CR-00704-CRC | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>36 months' probation<br>60 hours community service | 24 months' probation<br>20 hours community service<br>$500 restitution |

| | | | $500 restitution | |
|---|---|---|---|---|
| Reed, Blake | 1:21-CR-00204-BAH | 18 U.S.C. § 1752(a)(1) | 3 months' incarceration<br>12 months' supervised release<br>$500 restitution | 42 days' intermittent confinement<br>3 months' home detention<br>36 months' probation<br>$2500 fine<br>$500 restitution |
| Rebegila, Mark | 1:21-CR-00283-APM | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>36 months' probation<br>$500 restitution | 30 days' home detention<br>24 months' probation<br>$2000 fine<br>60 hours community service<br>$500 restitution |
| Watrous, Richard | 1:21-CR-00627-BAH | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 14 days' intermittent confinement<br>2 months' home detention<br>36 months' probation<br>$2500 fine<br>$500 restitution |
| Meteer, Clifford | 1:21-CR-00630-CJN | 40 U.S.C. § 5104(e)(2)(G) | 75 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 60 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Conover, Thomas | 1:21-CR-00743-FYP | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' residential reentry center<br>36 months' probation<br>$2500 fine<br>60 hours community service<br>$500 restitution |
| Lavin, Jean | 1:21-CR-00596-BAH | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 10 days' intermittent confinement (5 weekends)<br>2 months' home detention<br>36 months' probation<br>$2500 fine<br>$500 restitution |
| Krzywicki, Carla | 1:21-CR-00596-BAH | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | 36 months' probation<br>3 months' home detention<br>$500 restitution |
| Kulas, Christian | 1:21-CR-00397-TFH | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation | 6 months' probation<br>2 months' home detention |

18

| | | | 60 hours community service<br>$500 restitution | $500 restitution |
|---|---|---|---|---|
| Kulas, Mark | 1:21-CR-00693-TFH | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 6 months' probation<br>2 months' home detention<br>$500 restitution |
| Von Bernewitz, Eric | 1:21-CR-00307-CRC | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 60 days home detention<br>24 months' probation<br>$1000 fine<br>$500 restitution |
| Von Bernewitz, Paul | 1:21-CR-00307-CRC | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' incarceration<br>$500 restitution |
| Ballesteros, Robert | 1:21-CR-00580-DLF | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>24 months' probation<br>60 hours community service<br>$500 restitution | 36 months' probation<br>40 hours community service<br>$500 restitution |
| Sarko, Oliver | 1:21-CR-00591-CKK | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' incarceration<br>36 months' probation<br>$500 restitution |
| Vuksanaj, Anthony | 1:21-CR-00620-BAH | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 42 days' intermittent confinement (3, 14-day periods)<br>3 months' home detention<br>36 months' probation<br>$2000 fine<br>$500 restitution |
| Creek, Kevin | 1:21-CR-00645-DLF | 18 U.S.C. § 111(a)(1) | 27 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 27 months' incarceration<br>12 months' supervised release<br>$2000 restitution |
| Peart, Willard | 1:21-CR-00662-PLF | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' home detention<br>36 months' probation<br>240 hours community service<br>$500 fine<br>$500 restitution |

| Webler, Matthew | 1:21-CR-00741-DLF | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>$500 restitution | 45 days' incarceration<br>$500 restitution |
|---|---|---|---|---|
| Mostofsky, Aaron | 1:21-CR-00138-JEB | 18 U.S.C. § 641<br>18 U.S.C. § 231 (a)(3)<br>18 U.S.C. § 1752(a)(1) | 15 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 8 months' incarceration<br>12 months supervised release on each count to run concurrently<br>200 hours community service<br>$2000 restitution |
| Entrekin, Nathan | 1:21-CR-00686-FYP | 40 U.S.C. § 5104(e)(2)(G) | 105 days incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 45 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Kidd, Nolan | 1:21-CR-00429-CRC | 40 U.S.C. § 5104(e)(2)(G) | 90 days incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 45 days' incarceration<br>$500 restitution |
| Baker, Stephen | 1:21-CR-00273-TFH | 40 U.S.C. § 5104(e)(2)(G) | 30 days incarceration<br>$500 restitution | 9 days' intermittent confinement<br>24 months' probation<br>$500 restitution |
| McDonald, Savannah | 1:21-CR-00429-CRC | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 21 days' incarceration<br>$500 restitution |
| Honeycutt, Adam | 1:22-CR-00050-CJN | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 3 months' incarceration<br>$500 restitution |
| Spain, Jr., Edward | 1:21-CR-00651-DLF | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 36 months' probation<br>60 hours community service<br>$500 restitution |
| Kramer, Philip | 1:21-CR-00413-EGS | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' incarceration<br>$2500 fine<br>100 hours community service<br>$500 restitution |
| Ehmke, Hunter | 1:21-CR-00029-TSC | 18 U.S.C. § 1361 | 4 months' incarceration<br>36 months' supervised release | 4 months' incarceration<br>36 months' supervised release |

| | | | $2,181 restitution | $2,181 restitution |
|---|---|---|---|---|
| Chapman, Robert | 1:21-CR-00676-RC | 40 U.S.C. § 5104(e)(2)(G) | 45 days incarceration<br>36 months | 3 month's home detention<br>18 month's probation<br>$742 fine<br>60 hours community service<br>$500 restitution |
| Timbrook, Michael | 1:21-CR-00361-TNM | 40 U.S.C. § 5104(e)(2)(G) | 90 days' incarceration<br>36 months' probation | 14 days' intermittent incarceration to be served on 7 consecutive weekends, as a condition of<br>12 months' probation<br>$500 restitution |
| Miller, Matthew | 1:21-CR-00075-RDM | 18 U.S.C. 1512(c)(2)<br>18 U.S.C. § 111(a)(1) | 51 months' incarceration<br>36 month's supervised release | 33 months' incarceration<br>24 months' probation<br>$2000 restitution<br>100 hours community service |
| Hemphill, Pamela | 1:21-CR-00555-RCL | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>36 month's probation | 2 months' incarceration<br>36 month's probation<br>$500 restitution |
| Rubenacker, Greg | 1:21-CR-00193-BAH | 18 U.S.C. § 231(a)(3)<br>18 U.S.C. § 1512(c)(2)<br>18 U.S.C. § 111(a)<br>18 U.S.C. § 1752(a)(1)<br>18 U.S.C. § 1752(a)(2)<br>18 U.S.C. § 1752(a)(4)<br>40 U.S.C. § 5104(e)(2)(D)<br>40 U.S.C. § 5104(e)(2)(E)<br>40 U.S.C. § 5104(e)(2)(F)<br>40 U.S.C. § 5104(e)(2)(G) | 46 months' incarceration<br>36 months' supervised release | 41 months' incarceration<br>36 months' supervised release<br>$2000 restitution |
| Johnson, Daniel | 1:21-CR-00407-DLF | 18 U.S.C. § 231(a)(3) | 6 months' incarceration<br>12 months' supervised release | 4 months' incarceration<br>12 months supervised release<br>$2000 restitution |
| Johnson, Daryl | 1:21-CR-00407-DLF | 18 U.S.C. § 231(a)(3) | 90 days' incarceration<br>12 months' supervised release | 30 days' incarceration<br>12 months' supervised release<br>$2000 fine<br>$2000 restitution |
| Buhler, Janet | 1:21-CR-00510-CKK | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration | 30 days' incarceration |

21

| | | | 36 months' supervised release | 36 months' supervised release $500 restitution |
|---|---|---|---|---|
| Tagaris, Jody | 1:21-CR-00368-JDB | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration 36 months' probation $500 restitution | 24 months' probation $2000 fine $500 restitution 60 hours community service |
| Heinl, Jennifer | 1:21-CR-00370-EGS | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration 36 months' probation $500 restitution | 14 days' incarceration 24 months' probation $500 restitution |
| Sywak, William Jason | 1:21-CR-00494-RC | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration 36 months' probation 60 hours community service $500 restitution | 2 months' home detention 12 months' probation 60 hours community service $500 restitution |
| Sywak, William Michael | 1:21-CR-00494-RC | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration 36 months' probation $500 restitution | 4 month's home detention 24 months' probation 60 hours community service $500 restitution |
| Laurens, Jonathan | 1:21-CR-00450-RC | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration 36 months' probation $500 restitution | 60 days' home detention 12 months' probation $742 fine $500 restitution 60 hours community service |
| Cooke, Nolan | 1:22-CR-00052-RCL | 18 U.S.C. § 231(a)(3) | 11 months' incarceration 36 months supervised release $2000 restitution | 366 days' incarceration 36 months supervised release $2000 restitution |
| Barber, Eric | 1:21-cr-00228-CRC | 40 U.S.C. § 5104(e)(2)(G) 22 D.C. Code 3212 | 4 months' incarceration 36 months' probation $552.95 restitution | 45 days incarceration 24 months' probation $552.95 restitution |
| Gold, Simone | 1:21-CR-00085-CRC | 18 U.S.C. § 1752(a)(1) | 3 months' incarceration 12 month's supervised release $500 restitution 60 hours community service | 60 days' incarceration 12 months' supervised release $9,500 fine $500 restitution |
| Stackhouse, Lawrence | 1:21-CR-00240-BAH | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration 36 months' probation $500 restitution | 14 days intermittent incarceration as a condition of 36 months probation $500 restitution |

22

| Baranyi, Lawrence | 1:21-CR-00062-JEB | 18 U.S.C. § 1752 (a)(1) | 4 months' incarceration<br>12 months' supervised release<br>$500 restitution | 90 days' incarceration<br>12 months' year supervised release<br>$500 restitution |
|---|---|---|---|---|
| Evans, Derrick | 1:21-CR-00337-RCL | 18 U.S.C. § 231(a)(3) | 3 months' incarceration<br>12 months' supervised release<br>$2000 restitution | 3 months' incarceration<br>12 months' supervised release<br>$2000 restitution<br>$2000 fine |